UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | CIVIL NO.: |
| | : | |
| v. | : | |
| | : | |
| TEN (10) ASSORTED JEWELRY ITEMS, VALUE: $13,908.00, described as follows: | : : | |
| | : | |
| ONE (1) WHITE GOLD DIAMOND CROSS PENDANT AND CHAIN, VALUE: $3,600.00, | : : | |
| | : | |
| ONE (1) PAIR OF YELLOW GOLD DIAMOND EARRINGS, VALUE: $250.00, | : : | |
| | : | |
| ONE (1) 10K WHITE GOLD DIAMOND BRACELET WITH 279 ROUND DIAMONDS, VALUE: $3,500.00, | : : : | |
| | : | |
| ONE (1) PAIR OF 14K WHITE GOLD BLACK STONE EARRINGS WITH 32 BLACK RHODIUM STONES, VALUE: $150.00, | : : : | |
| | : | |
| ONE (1) MEN'S ROLEX OYSTER PERPETUAL AIR KING STAINLESS STEEL WATCH WITH 52 ROUND DIAMONDS, VALUE: $3,000.00, | : : : | |
| | : | |
| ONE (1) 18K YELLOW GOLD ROSARY WITH 56 BEADS, VALUE: $1,000.00, | : : | |
| | : | |
| ONE (1) PAIR OF 14K WHITE GOLD SQUARE INVISIBLE SET DIAMOND EARRINGS, VALUE: $300.00, | : : : | |
| | : | |
| ONE (1) 18K YELLOW GOLD SQUARE CURB 8" LINK BRACELET, VALUE $1,000.00, | : : | |
| | : | |
| ONE (1) STERLING SILVER DIAMOND AND RUBY BEADED CHAIN, VALUE: $1,000.00, | : : | |
| | : | |
| ONE (1) STERLING SILVER "THE SKY'S THE LIMIT" PENDANT, VALUE: $108.00, | : : | |
| | : | |
| Defendants. | : : | |
| [CLAIMANT: ORLANDO QUIROS] | : | March 7, 2018 |

1

<u>VERIFIED COMPLAINT OF FORFEITURE</u>

Plaintiff, United States of America, by and through its attorneys, John H. Durham, United States Attorney for the District of Connecticut, and John B. Hughes, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

1. This is a civil action <u>in</u> <u>rem</u> brought to enforce the provisions of 18 U.S.C. § 981(a)(1)(C), which provides for the forfeiture of property which constitutes or is derived from proceeds traceable to any listed violation of law or any offense constituting "specified unlawful activity," or a conspiracy to commit such offense, and 21 U.S.C. § 881(a)(6), which provides for the forfeiture of proceeds traceable to the exchange of controlled substances in violation of the Controlled Substances Act, 21 U.S.C. §§ 801 <u>et</u> <u>seq</u>.

2. This Court has jurisdiction over this matter by virtue of 28 U.S.C. §§ 1345 and 1355. Venue is appropriate in the District of Connecticut by virtue of 28 U.S.C. § 1395(b).

3. The Defendants are as follows: Ten (10) Assorted Jewelry Items, value: $13,908.00, described as One (1) White Gold Diamond Cross Pendant and Chain, value: $3,600.00; One (1) pair of 14K Yellow Gold Diamond Earrings, value: $250.00; One (1) 10K White Gold Diamond Bracelet with 279 round diamonds, value: $3,500.00; One (1) pair of 14K White Gold Black Stone Earrings with 32 black rhodium stones, value: $150.00; One (1) Men's Rolex Oyster Perpetual Air King Stainless Steel Watch with 52 round diamonds, value: $3,000.00; One (1) 18K Yellow Gold Rosary with 56 beads, value: $1,000.00; One (1) pair of 14K White Gold Square Invisible Set Diamond Earrings, value: $300.00; One (1) 18K Yellow Gold Square Curb 8" link bracelet, value: $1,000.00; One (1) Sterling Silver Diamond and Ruby Beaded Chain, value: $1,000.00; and one (1) Sterling Silver "The Sky's the Limit" Pendant, value $108.00 (hereafter collectively referred to as "Defendant Jewelry").

4. The Defendant Jewelry is located within the jurisdiction of this Court.

5. The Defendant Jewelry is currently in the custody of the United States Marshal's Service.

6. On December 7, 2017, Orlando Quiros ("Claimant"), a defendant in the ongoing matter of United States v. Quiros, et al. [3:17-CR-160 (VLB)], submitted an administrative claim of ownership as to the Defendant Jewelry.

Background of Investigation

7. Orlando Quiros ("Claimant") is a defendant in an active lawsuit, in which he is charged with the following: Conspiracy to Distribute and Possession with the Intent to Distribute a Controlled Substance, namely a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, contrary to the provisions of 21 U.S.C. § 841(a)(1), and with knowing or having reasonably foreseen that the conspiracy involved 5 kilograms or more of cocaine, in violation of 21 U.S.C. § (b)(1)(A)(ii), and both in violation of 21 U.S.C. § 846; Attempt to Possess with Intent to Distribute 500 grams or more of a mixture and a substance containing a detectable amount of cocaine, contrary to the provisions of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(ii), and in violation of 21 U.S.C. § 846; Use of a Facility in Interstate Commerce, namely a cellular telephone, to Distribute Cocaine, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 1952(a)(1); and Possession with Intent to Distribute 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(ii).

8. In October 2016, the Drug Enforcement Agency New Haven District Office (DEA NHDO) began an investigation into a drug trafficking organization selling cocaine and operating around the cities of Meriden and New Britain, Connecticut. In the course of the investigation, Orlando Quiros ("Claimant") was implicated as one of the individuals involved in drug trafficking. In April 2017, the NHDO further focused the investigation on the Claimant's

3

activities. The Claimant was found to be utilizing the United States Postal Service to receive parcels containing cocaine from Puerto Rico, and then working with others to distribute cocaine to buyers in Connecticut. During the investigation, 1044 East Street North, Suffield, Connecticut was identified as the Claimant's residence. Another residence, located at 873 West Boulevard, Apartment 408, Suffield, Connecticut, was identified as a location used by the Claimant to store and conceal drugs.

9. On July 12, 2017, law enforcement received information which led them to believe that the Claimant would be driving from Connecticut to New York City to meet with two unknown money launderers. Due to this information, on that same date law enforcement conducted a motor vehicle stop on the Claimant while he was driving on Route 15 (Merritt Parkway). When the vehicle was searched, two boxes containing approximately $210,000.00 in United States currency were found in the trunk. After reading the Claimant his Miranda rights, law enforcement asked the Claimant how much money there was in the car. The Claimant told law enforcement that there was $210,000.00 inside the vehicle, and stated that the money belonged to him and that he was headed to New York to go shopping. When law enforcement asked where the money came from, the Claimant responded that he does not like to leave his money anywhere, and that he wanted it with him at all times. Law enforcement seized the money from the trunk, as well as an additional $830.00 that was located on the Claimant's person. After the Claimant signed a Form DEA-12 (Receipt for Cash or Other Items), he was released without further incident.

10. On July 20, 2017, a federal grand jury for the District of Connecticut returned a True Bill for the indictment of Orlando Quiros and six co-defendants [see United States v. Quiros, et al., 3:17-CR-160 (VLB)]. Along with other defendants, the Claimant was charged with Conspiracy to Distribute, and to Possess with the Intent to Distribute, a controlled substance, namely a mixture and substance containing a detectable amount of cocaine, a Schedule II

4

controlled substance, contrary to the provisions of 21 U.S.C. §§ 841(a)(1), and with knowing or having reasonably foreseen that the conspiracy involved 5 kilograms or more of cocaine, in violation of 21 U.S.C. § (b)(1)(A)(ii); and with Attempt to Possess with Intent to Distribute 500 grams or more of a mixture and a substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(ii). In addition, the Claimant was the sole defendant charged with Use of a Facility in Interstate Commerce to Distribute the Proceeds of Drug Trafficking, contrary to the provisions of 21 U.S.C. § 846 and 18 U.S.C. § 1952(a)(1). The Indictment states that upon conviction of one or more offenses alleged in Counts One and Two, all defendants, including Orlando Quiros, shall forfeit to the United States all right, title, and interest in any property constituting, or derived from, proceeds obtained directly or indirectly as a result of, or to facilitate the commission of, the violations named in the Indictment. A superseding Indictment, filed October 18, 2017, maintained the aforementioned charges and forfeiture allegations against Orlando Quiros, and added another drug-related charge, Possession with Intent to Distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(ii), and additional charges for Unlawful Possession of a Firearm and Ammunition by a Convicted Felon. The forfeiture allegations against the Claimant were expanded to include the additional charges.

11. Based on the information gathered in this investigation and the charges in the original Indictment, on July 21, 2017, Honorable Judge Vanessa L. Bryant of the District of Connecticut signed a Federal Arrest Warrant for Orlando Quiros.

12. Based on the information gathered in this investigation, on July 25, 2017, Honorable Judge Joan Margolis, United States District Court Magistrate Judge for the District of Connecticut, issued Federal Search and Seizure Warrants for 1044 East Street North, Suffield, Connecticut, and 873 West Boulevard, Apartment 408, Hartford, Connecticut.

13. On July 26, 2017 at approximately 6:00 AM, the Federal Arrest Warrant for Orlando Quiros and the Federal Search and Seizure Warrant were executed at 1044 East Street North, Suffield, Connecticut. Law enforcement repeatedly knocked on the door of the residence and announced their presence. When no answer or other sounds came from the residence, law enforcement forced entry into the apartment. During a sweep of the residence, the Claimant was found in the master bedroom and placed under arrest. Law enforcement seized numerous items, including ammunition, two electric money counters, and an electric heat sealer for plastic bags.

14. On the same date and time, the other Federal Search and Seizure Warrant was executed at 873 West Boulevard, Apartment 408, Hartford, Connecticut. Law enforcement repeatedly knocked on the door of the residence and announced their presence. When no answer or other sounds came from the residence, law enforcement forced entry into the apartment. No individuals were found inside. During a sweep of the apartment, a drug-detecting dog alerted to multiple locations, including suitcases and a television stand located in the living room. Law enforcement observed that the television stand appeared to have been altered.

15. Upon dismantling the television stand, law enforcement found multiple hidden compartments containing large quantities of cocaine and marijuana, as later confirmed by lab analysis of the substances. Cocaine was found in the form of six compressed bricks. Four bricks of cocaine, respectively labeled with the numbers "1039," "1042," "1034," and "1038," were also labeled with the logo for the television station "MTV." These bricks were contained within clear plastic bags. A fifth brick of cocaine was labeled with the number "1047," contained within black packaging, and sealed with clear plastic wrapping. A sixth brick of cocaine was unlabeled, contained within black packaging, and sealed with clear plastic wrapping. The television stand also contained a plastic bag filled with a white chunky substance. Marijuana was found contained in thirty-three clear individually sealed packets hidden within the television stand. Additional marijuana was located within a brown duffel bag in a bedroom closet, contained

within seven clear plastic bags. In total, approximately 13 pounds of marijuana and approximately 6.8 kilograms of cocaine were seized from the apartment.

16. The hidden compartments of the television stand also concealed two digital scales, a handgun, an unknown amount of United States currency (later inventoried and found to be approximately $100,000.00), and the entirety of the Defendant Jewelry, described at the time of seizure as seven pieces of jewelry and three pairs of earrings.

17. In addition to the aforementioned controlled substances and items, law enforcement also seized miscellaneous documents from kitchen and dining room areas, as well as two ledger notebooks from the bedroom of the apartment.

18. An inquiry with the State of Connecticut Department of Labor revealed no employment history for the Claimant in the last seven years.

## Claims for Relief

19. Based upon the above information, it is believed that the Defendant Jewelry constitutes property or is derived from proceeds traceable to a violation constituting "specified unlawful activity" and is therefore subject to forfeiture to the United States of America pursuant to 18 U.S.C. § 981(a)(1)(C).

20. The Defendant Jewelry represents property or proceeds derived from engaging in "the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance or listed chemical," and is therefore subject to forfeiture to the United States of America pursuant to 18 U.S.C. § 981(a)(1)(C).

21. Based upon the above information, it is believed that the Defendant Jewelry constitutes proceeds from the illegal sale and distribution of narcotics and is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

22. The Defendant Jewelry represents proceeds traceable to the exchange of controlled substances in violation of the Controlled Substances Act, 21 U.S.C. §§ 801 et seq.,

and is therefore subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, the United States of America prays that Warrants of Arrest In Rem be issued for Ten (10) Assorted Jewelry Items, value: $13,908.00, et al.; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the Defendant Jewelry to be condemned and forfeited to the United States of America for disposition according to the law; and that the United States of America is granted such other and further relief as the Court may deem just and proper, together with the costs and disbursements of this action.

Respectfully submitted,

JOHN H. DURHAM
UNITED STATES ATTORNEY

_____/s/ John B. Hughes_____
JOHN B. HUGHES
ASSISTANT UNITED STATES ATTORNEY
CHIEF, CIVIL DIVISION
FEDERAL BAR NO.: ct05289
157 CHURCH ST., 25th FLOOR
NEW HAVEN, CT 06510
PHONE NO.: (203) 821-3700
FAX: (203) 773-5392
EMAIL: john.hughes@usdoj.gov

## DECLARATION

I am a Special Agent for the Drug Enforcement Administration, and the agent assigned the responsibility for this case.

I have reviewed the contents of the foregoing Verified Complaint of Forfeiture and the statements contained therein are true to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 6th day of March, 2018

                                      /s/ Frank M. Castiglione  
                                     Frank M. Castiglione  
                                     SPECIAL AGENT  
                                     DRUG ENFORCEMENT ADMINISTRATION